IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUSSELL L. EBERSOLE,<br>    Plaintiff, | Civil Action No. 7:08cv00503 |
| v. | **MEMORANDUM OPINION** |
| NORTHWESTERN REGIONAL ADULT<br>DETENTION CENTER, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Russell L. Ebersole, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Ebersole raises several claims including that he was denied access to legal materials, a law library, and to the courts; that defendants were deliberately indifferent to his serious medical needs; that he was charged subsistence and medical fees in violation of the Takings Clause; and that the defendants retaliated against him. As relief, Ebersole requests various forms of declaratory and injunctive relief as well as monetary damages. However, Ebersole is no longer incarcerated. Therefore, the court finds that Ebersole's claims for injunctive relief are moot. The court also finds that the Northwestern Regional Adult Detention Center is an improper defendant in a § 1983 action, and therefore, dismisses it as a defendant. Further, the court finds that it needs more information to adequately assess Ebersole's claims for declaratory and monetary damages regarding his claims of denial of legal materials, law library, and access to courts; deliberate indifference to a serious medical need; Takings Clause violations; and retaliation against the remaining defendants. Accordingly, the court will conditionally file his remaining claims by separate order.

I.

Generally, claims for injunctive relief become moot when the conditions adversely affecting the plaintiff no longer exist. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); see also

Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered the prisoner's claim for injunctive relief moot). Here, inasmuch as Ebersole is no longer incarcerated, he is no longer subjected to the conditions he complains of in this action, and therefore, his claims for injunctive relief are moot.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the Northwestern Regional Adult Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983, Ebersole cannot maintain his action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

## III.

For the stated reasons, the court dismisses Ebersole's claims against the Northwestern Regional Adult Detention Center and denies his claims for injunctive relief against all defendants. Accordingly, only his claims for monetary damages remain. These claims will be addressed by separate order.

**ENTER**: This 14th day of October, 2009.

United States District Judge

2